IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MONICA SMITH, #71295             PLAINTIFF

v.        3:21CV00048-DPM-JTK

DOES, et al.             DEFENDANTS

## ORDER

By Order dated March 23, 2021, this Court denied Plaintiff's Motion to Proceed <u>In Forma Pauperis</u>, based on her failure to include the necessary financial information in support of the Motion, and provided her thirty days in which to submit the information. (Doc. No. 5).[1]  Plaintiff has filed a response to that Order, stating she does not have any money in her inmate account. (Doc. No. 6) However, this response is insufficient to support an <u>in forma pauperis</u> motion, as the Court explained in the March 23, 2021 Order.

According to the Prison Litigation Reform Act (PLRA), **a prisoner who is allowed to file a civil action <u>in forma pauperis</u> still must pay the full amount of the $350 filing fee.** See 28 U.S.C. § 1915(b)(1). Furthermore, before docketing the complaint or, as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. **If the case is dismissed for any of these reasons, there is no provision in**

---

[1] Effective December 1, 2020, the civil filing fee increased to $402, due to the implementation of a $52 administrative fee. This $52 fee does not, however, apply to plaintiffs who are granted <u>in forma pauperis</u> status.

**the Act for a refund of any portion of the filing fee to the prisoner**.

Under the Act, in order for the Court to determine how the $350 filing fee will be paid, **the prisoner is required to submit a calculation sheet <u>prepared and signed by an authorized official of the incarcerating facility</u>. This calculation sheet reflects the deposits and monthly balances in the inmate's trust account at the facility during the six-month period immediately preceding the filing of the complaint.   <u>See</u> 28 U.S.C. § 1915(a)(2).** However, the Act also provides that in no event shall a prisoner be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee."   28 U.S.C. § 1915(b)(4).

**The Court also reminds the prison officials that the PLRA requires their compliance by completing and signing the appropriate financial forms submitted by inmates who file § 1983 lawsuits.**

IT IS, THEREFORE, ORDERED that

1. Plaintiff shall have one final opportunity in which to submit either the $402 statutory filing fee or a completed <u>in forma pauperis</u> application, with the required calculation sheet **signed by an authorized official of the prison**, within thirty (30) days of the entry date of this Order.[2]

2. The Clerk shall send to Plaintiff an <u>in forma pauperis</u> application and calculation sheet.

3. The Clerk also shall forward a copy of this Order to the Administrator of the

---

[2] Plaintiff is hereby notified of her responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: ". . . If any communication from the Court to a <u>pro se</u> plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding <u>pro se</u> shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."   #

2

Poinsett County Detention Facility, 1500 Justice Drive, Harrisburg, Arkansas 72432.

    4.    Service is not appropriate at this time.

IT IS SO ORDERED this 27th day of April, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE